UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| WILLIAM A. DITTMANN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:16-CV-16-PPS-PRC |
| | ) | |
| XEROX BUSINESS SERVICES, LLC, | ) | |
| ACS HUMAN SERVICES, and QUEST | ) | |
| DIAGNOSTICS, INC., | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Quest Diagnostics, Inc.'s Motion for More Definite Statement [DE 30], filed by Defendant Quest Diagnostics, Inc. ("Quest") on June 2, 2016. No response has been filed, and the time to do so has elapsed.

On May 5, 2016, Plaintiff William A. Dittmann filed an Amended Complaint against Quest and two other Defendants, Xerox Business Services, LLC and ACS Human Services. Dittmann brings claims under Title VII of the Civil Rights Act of 1964, the Genetic Information Nondiscrimination Act of 2008, the Health Insurance Portability and Accountability Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. In the instant Motion, Quest argues that the facts alleged are too vague and ambiguous to ascertain the claims asserted against Quest and to allow Quest to reasonably prepare a response. Quest requests that the Court require Dittmann to file a more definite statement that specifically indicates which defendant each of the claims asserted is brought against and which defendant is alleged to have performed each action.

1

## ANALYSIS

Rule 12(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion for more definite statement is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Because of the availability of extensive discovery, Rule 12(e) motions are disfavored and reserved for instances where the answering party will not be able to frame a responsive pleading. *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010).

Rule 12(e) motions should not be used as a substitution for discovery. *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406, 2011 WL 4537911, *6 (N.D. Ind. Sept. 28, 2011) (citing *MacNeil*, 715 F. Supp. 2d at 790). However, a Rule 12(e) motion may be appropriate when a complaint fails to put a defendant on notice as to which of the claims apply to what parties. *See Collins v. Illinois*, No. 03-3159, 2006 WL 3627639, at *4 (C.D. Ill. Dec. 11, 2006) (granting a Rule 12(e) motion when the court was unable to ascertain which of the plaintiff's claims applied to each individual defendant, giving the defendants deficient notice of the allegations against them).

Quest brings to the Court's attention the fact that, in the Amended Complaint, Dittmann states that he is bringing multiple actions under various federal laws, but Dittmann fails to specify

which defendants are sued under each statute. Further, most of Dittmann's factual allegations contend that the "Defendants" acted, but Dittmann does not specify whether he is alleging that all three Defendants performed that action or only two (or possibly one).

The Court finds that Quest's motion is not the impermissible type designed to conduct premature discovery, nor is it intended to impermissibly elicit more facts from Plaintiffs. Rather, Quest is attempting to ascertain which facts and claims are alleged as to Quest. This is similar to the problem cured by a Rule 12(e) motion in *Collins*, wherein the court required a more definite statement when the plaintiff's complaint was vague as to which claims were being raised against the specific individual defendants in that case. *Collins*, 2006 WL 3627639, at *4. Further, Dittmann has not filed a response objecting to the instant motion.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendant Quest Diagnostics, Inc.'s Motion for More Definite Statement [DE 30] and **ORDERS** Plaintiff William A. Dittmann to file a Second Amended Complaint including a more definite statement as to which claims and allegations are levied against Quest on or before **July 7, 2016**. In this Second Amended Complaint, Dittmann shall specifically name the pertinent party in each allegation instead of generally referring to "the Defendants" and shall indicate which claims he is bringing against each defendant.

SO ORDERED this 22nd day of June, 2016.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT